**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN CARLOS GREGORIO-DAVILA | : | |
| | : | No. 2554 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 28, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-51-CR-0002514-2016

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 09, 2018**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Chester County following Appellant Juan Carlos Gregorio-Davila's conviction in a non-jury trial on the charge of driving while under the influence of alcohol or a controlled substance ("DUI"), 75 Pa.C.S.A. § 3802(a)(1), (b).  After a careful review, we affirm.

The relevant facts and procedural history are as follows: Following Appellant's arrest on April 20, 2016, he filed a counseled pre-trial motion seeking to suppress the evidence seized by the police following the stop of his motor vehicle. Specifically, Appellant averred the police had neither reasonable suspicion nor probable cause to effectuate the stop.

_____
*   Former Justice specially assigned to the Superior Court.

On February 7, 2017, the matter proceeded to a suppression hearing at which the sole testifying witness was Kennett Township Police Officer Amanda E. Wenrich, who has been a police officer since March 2012 and has received DUI/traffic stop training. N.T., 2/7/17, at 11. Officer Wenrich testified that, on April 20, 2016, at approximately 8:40 p.m., as she was on routine patrol, she approached the intersection of Rosedale Road and South Walnut Street, which is a four-way stop sign intersection.[1] *Id.* at 12. She stopped directly behind a tan Honda Civic, which properly made a left-hand turn. *Id.* Officer Wenrich also turned left, following the Honda Civic. *Id.* Officer Wenrich testified she observed the following:

> While following behind that vehicle, I observed it swaying within its lane. On numerous occasions, it would sway all the way over on to the centerline and then drift back over towards the fog line and then again sway over towards the centerline and drive along or on top of the centerline.

*Id.*

Officer Wenrich noted that her patrol vehicle was equipped with a camera, which captured the events leading up to the stop of the Honda Civic. *Id.* The Commonwealth played the video for the suppression court, and Officer Wenrich narrated the events. In this regard, Officer Wenrich's narration indicated the Honda Civic twice drove onto the centerline of the road and then twice drove over the centerline of the road. *Id.* at 15-18. She noted

---

[1] The roadway at issue is a two-lane road with one lane of travel in each direction. Suppression Court Order, filed 2/16/17, at 1.

that the Honda Civic then drove onto the fog line, at which point she effectuated a stop of the vehicle. *Id.* at 18. Officer Wenrich's observations of the Honda Civic occurred within approximately a two minute and twenty second window of time. *Id.* Officer Wenrich testified the area of the road in question was "right outside of Kennett Square Borough, so it is highly [*sic*] traffic." *Id.* at 21.

As to the reasons she made the stop, Officer Wenrich specifically testified:

> As soon as the vehicle ma[de] its first left turn and I made the immediate left turn behind it, I immediately noticed the vehicle driving on the centerline. At that point in time, when I observed it drifting back and forth several more times, touching the centerline several more times, I began to suspect that the driver was possibly impaired or that there was a medical condition or something influencing the drivers [*sic*] behavior that needed to be assessed.

*Id.* at 37.

By order entered on February 16, 2017, the suppression court denied Appellant's motion to suppress, specifically indicating that Officer Wenrich was permitted to stop Appellant's Honda Civic based on a reasonable suspicion and that she possessed the requisite suspicion. The suppression court specifically noted it viewed the police video and found Officer Wenrich's testimony to be credible. Suppression Court Order, filed 2/16/17, at 2.

Thereafter, Appellant proceeded to a bench trial, and the trial court convicted him on one count of DUI. On June 28, 2017, the trial court sentenced Appellant to ten days of electronic home confinement, six months'

of supervised probation, and thirty hours of community service. This timely appeal followed. On August 3, 2017, Appellant filed a motion to stay sentence, and the trial court denied the motion. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant first contends the stop of his Honda Civic was illegal since Officer Wenrich did not have the requisite reasonable suspicion to initiate a stop. Specifically, he argues the officer did not have reasonable suspicion to believe that Appellant was DUI. Accordingly, he argues the suppression court erred in denying his pre-trial motion to suppress the physical evidence seized as a result of the stop of his Honda Civic.

"[A]ppellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." *Commonwealth v. Stilo*, 138 A.3d 33, 35-36 (Pa.Super. 2016) (citation omitted). Our Supreme Court has declared:

> [The] standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing such a ruling by the suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record….Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Eichinger*, 591 Pa. 1, 915 A.2d 1122, 1134 (2007) (internal citations omitted). "It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given

- 4 -

their testimony." ***Commonwealth v. Gallagher***, 896 A.2d 583, 585 (Pa.Super. 2006) (quotation marks and quotation omitted).

Here, Appellant does not challenge the suppression court's holding as it relates to the quantum of cause required to stop his Honda Civic. That is, he concedes that Officer Wenrich was permitted to stop his vehicle if she had reasonable suspicion to believe Appellant was operating his vehicle while under the influence of alcohol or a controlled substance.[2] However, Appellant contends Officer Wenrich lacked such reasonable suspicion.

> We have defined "reasonable suspicion" as follows:

> [T]he officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led [her] reasonably to conclude, in light of [her] experience, that criminal activity was afoot....In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. In making this determination, we must give due weight...to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of [her] experience. Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

---

[2] Since Appellant does not challenge the trial court's conclusion that Officer Wenrich was permitted to stop his vehicle based upon reasonable suspicion, as opposed to the heightened standard of probable cause, we decline to address whether probable cause was necessary. In any event, for a comparison of probable cause and reasonable suspicion as it relates to vehicle stops, see ***Commonwealth v. Haines***, 166 A.3d 449, 454 (Pa.Super. 2017), ***Commonwealth v. Salter***, 121 A.3d 987, 992–93 (Pa.Super. 2015), and ***Commonwealth v. Feczko***, 10 A.3d 1285, 1286 (*en banc*) (Pa.Super. 2010).

*Commonwealth v. Smith*, 917 A.2d 848, 852 (Pa.Super. 2007) (citations omitted).

Here, in explaining its ruling that Officer Wenrich had reasonable suspicion to stop Appellant's Honda Civic for DUI, the lower court indicated the following:

> The question before us is whether Officer Wenrich had a reasonable basis to stop Appellant['s] vehicle. We viewed the [police cruiser's video] recording and considered Officer Wenrich's testimony along with the legal arguments made by counsel.
>
> The [ ] video recording showed Appellant's car travelling onto the yellow double lines and fog lines on numerous occasions for seconds at a time. We found Officer Wenrich to be credible in her description of Appellant's driving regarding the left turn that was not recorded because she had not yet completely turned her vehicle onto the roadway.
>
> We considered Appellant's Exhibits [ ] depicting an aerial view of the stretch of road travelled by Appellant and Officer Wenrich. We found that the stretch of road travelled is almost completely straight except for one gentle curve. There was no need for Appellant to encroach on either the double yellow lines or the fog line as a result of having to maneuver his vehicle on the roadway due to a tight curve[.]
>
> ***
>
> In [this] matter, Officer Wenrich testified credibly that her observations gave rise to her suspicions that the driver may be impaired, either because of drugs, alcohol, or some other reason, possibly a medical condition. We found Officer Wenrich's suspicions to be reasonable as they were based upon (1) her experience as an officer making traffic stops, (2) her special DUI training, (3) her observations of Appellant's over-compensating after making a left turn and travelling onto the double yellow line; and (4) her observations of [Appellant] touching the double yellow line and proceeding onto the fog line while driving his vehicle on a straight road.
>
> After considering all of the evidence presented, including but not limited to Officer Wenrich's testimony and viewing and re-viewing the [police cruiser's camera's] video recording, we

- 6 -

continue to find that Officer Wenrich had reasonable suspicion of criminal activity to make a traffic stop and that the Commonwealth has met its burden to show that the traffic stop was constitutionally permissible.

Lower Court Opinion, 9/22/17, 5-7 (citations to record omitted).

Applying the appropriate standard of review, we conclude the suppression court's factual findings are supported by the record and its legal conclusions are free from error. **See Commonwealth v. Fulton**, 921 A.2d 1239 (Pa.Super. 2007) (holding trooper with five years of experience observed the appellant swerve out of his lane of travel three times in a mere 30 seconds on road shared by oncoming traffic had reasonable suspicion to stop); **Commonwealth v. Sands**, 887 A.2d 261 (Pa.Super. 2005) (holding officer was justified in stopping the appellant's vehicle based on his reasonable suspicion that the appellant was DUI as the officer witnessed the appellant's vehicle drift across the fog line three times in the early morning hours).

Appellant's next claim is that the trial court erred in denying his motion to stay his sentence pending the outcome of this appeal. He contends that he was entitled to a stay under Pa.R.A.P. 1732.

To obtain a stay pursuant to Rule 1732, an applicant must

make a substantial case on the merits and show that without the stay, irreparable injury will be suffered. Additionally, before granting a request for a stay, the court must be satisfied the issuance of the stay will not substantially harm other interested parties in the proceedings and will not adversely affect the public interest.

***Commonwealth v. Melvin***, 79 A.3d 1195, 1200 (Pa.Super. 2013) (quotation and citations omitted).

Here, in denying the stay, the trial court indicated Appellant failed to make a substantial case on the merits. In Appellant's stay application, he indicated "[d]efense counsel believes [Appellant] will prevail on the merits of the appeal[,]" and "[Appellant] believes in the merits of his appeal[.]" Stay Application, filed 8/3/17, at ¶ 3, 8. Appellant's boilerplate argument in his stay application does not "make a substantial case on the merits[.]" ***Melvin***, 79 A.3d at 1200. Accordingly, we agree with the trial court and find no error in the trial court denying the stay.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:2/9/18